134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
M. Barbara CHRISTMAN, et al., Plaintiffs-Appellants,
v.
BRAUVIN REALTY ADVISORS, INC., et al., Defendants-Appellees.
BRAUVIN REALTY ADVISORS, INC., et al., Defendants/Counter-Plaintiffs,
v.
M. Barbara CHRISTMAN, et al., Plaintiffs/Counter-Defendants.
 No. 97-2257.
 United States Court of Appeals, Seventh Circuit.
 Jan. 23, 1998.
 
 Before RIPPLE, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Just short of a year ago, on February 14, 1997, we heard oral arguments on two appeals in this case which sought to reverse orders of the district court that had denied two different requests for preliminary injunctions. One week after hearing the arguments we entered an unpublished order dismissing the appeals as moot. The day before yesterday we again entertained oral arguments in this case on a new appeal challenging another denial of a request for preliminary injunction relief And the appellants said that we should not only reverse the denial of their request for the preliminary injunction but that we should take the bold step of directing the entry of permanent injunctive relief in their favor. This time around we act even faster than we did in February of 1997. We find that this appeal, like the last two, is moot and must be, for that reason, dismissed.
 
 
 2
 The plaintiffs in this case are limited partners in four publicly registered limited partnerships: Brauvin High Yield Fund L.P.: Brauvin Fund High Yield Fund L.P. II; Brauvin Income Plus L.P. III; and Brauvin Corporate Lease Program IV L.P. The four funds are engaged in the ownership of existing retail, office, and industrial real properties subject to predominantly "triple-net" leases--a term for the leasing of properties net oftaxes, insurance, utilities, and property improvement expenses. The funds have limited lives, and most are either at or near the end of their holding periods. For that reason, plus some other risks the funds face, all agree that the funds must be sold. The appellants, however, oppose the specific sale proposed by some--but not all--of the general partners.
 
 
 3
 After a hearing before Judge Joan B. Gottschall last May in the district court, the appellants' request for a preliminary injunction was denied for several reasons, including the availability of an adequate remedy at law and the failure of the appellants to demonstrate that the balance of harms weighed in favor of granting the injunction. So the sales of the funds that were the subject of the preliminary injunction were given the green light to proceed.
 
 
 4
 Last week, on January 16, 1998, Judge Gottschall entered a new order barring the appellees (the "Brauvin defendants," as they are referred to in the papers) from closing a challenged sale with an entity known as Brauvin LLC. The same order also bars the appellees from disposing of all or substantially all of the assets of the funds pending further order of the court. The appellants have not satisfactorily explained how the previously sought preliminary injunctive relief differs from the relief that was granted by Judge GottschallN. The order issued last week, we are convinced, moots all issues presented to us in the pending appeal. The sole preliminary injunctive relief requested by the appellants at the hearing back in May of 1997 has, although it wears a different dress, now been essentially granted, When this case was argued, we were told that proceedings in the district court--apparently consideration of the appointment of a special master to choose among potential dispositions of the funds--were under consideration. The district court is where this dispute is and where it should, for the time being, stay. The motion to dismiss the appeal as moot is granted.
 
 
 5
 APPEAL DISMISSED.